UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSE ANTONIO GARCIA                                                                              PETITIONER

v.                                             CIVIL ACTION NO. 5:12-cv-00025-DPJ-FKB

VENCE LAUGHLIN                                                                      RESPONDENT

REPORT AND RECOMMENDATION

This cause is before the Court on the Petition for Writ of Habeas Corpus filed by Jose Antonio Garcia, a federal inmate currently housed at the Adams County Correctional Complex in Natchez, Mississippi. Having considered the petition and all other filings, the undersigned recommends that the petition be dismissed for the following reasons.

BACKGROUND

Garcia filed this Petition, pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prison's refusal to let him go to a residential re-entry center or halfway house. Docket Nos. 1, 7. Respondent alleges that Garcia's Petition should be dismissed for, inter alia, failure to exhaust administrative remedies. The undersigned concurs.

ANALYSIS

It is well-established that a petitioner for federal habeas relief must exhaust administrative remedies. See, e.g., Rourke v. Thompson, 11 F.3d. 47, 49 (5th Cir. 1993). Petitioner asserts that he is either exempt from the exhaustion requirement because of the nature of his constitutional challenge or because exhaustion would be futile. Docket 1, p. 6. "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt

1

to exhaust such remedies would itself be a patently futile course of action." Hessbrook v. Lennon,777 F.2d 999, 1003 (5th Cir.1985). "However, exceptions to the exhaustion requirement apply only in 'extraordinary circumstances.'" Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)(quoting DCP Farms v. Yeutter, 957 F.2d 1183, 1189 (5th Cir. 1992)). Garcia has the burden of demonstrating that administrative review would be futile. Id.; Gardner v. School Bd. Caddo Parish, 958 F.2d 108, 112 (5th Cir.1992). Garcia has not established in this case that review would be futile.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the petition be dismissed without prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 3rd day of July, 2012.

s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE